IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Herbert Delawder | : | |
| | : | Case No. 1:04-cv-680 |
| Plaintiff | : | |
| | : | District Judge Susan J. Dlott |
| v. | : | |
| | : | ORDER DENYING IN PART |
| Platinum Financial Services Corp. et al. | : | DEFENDANTS' MOTION FOR |
| | : | RECONSIDERATION OF |
| Defendants | : | DEFENDANTS' MOTION TO |
| | : | DISMISS |

This matter comes before the Court on Defendants' motion for reconsideration of the order granting in part and denying in part their motion to dismiss this action. (Doc. 29.) Plaintiff opposes the motion (doc. 30) and Defendants have replied (doc. 31). In its March 1, 2005 Order (doc. 16), the Court denied Defendants' motion to dismiss Plaintiff's claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e(2), 1692e(10), 1692f(1), and the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.02(B)(10). In doing so, the Court rejected Defendants' arguments that: (1) litigation conduct is exempt from the strictures of the FDCPA; (2) Plaintiff failed to state a claim under the FDCPA or OCSPA; and (3) Defendants are immune from suit under the doctrines of witness immunity, the litigation privilege, judicial immunity, and immunity under the First Amendment right to petition.

With their motion for reconsideration, Defendants first argue that intervening changes in controlling law require reconsideration of the Court's determination that Defendants are not

1

entitled to various forms of immunity, including advocate immunity and witness immunity. (See doc. 16.) Defendants point to the Sixth Circuit's recent decisions in Todd v. Weltman, Weinberg & Reis Co., 434 F.3d 432 (6th Cir. 2006), Kelly v. Great Seneca Financial Corp., 447 F.3d 944, 949-50 (6th Cir. 2006), and Delawder v. Platinum Financial Services, No. 05-3318, 2006 WL 1749617 (6th Cir. June 19, 2006). The Court has reviewed these cases and finds that they do not compel dismissal of Plaintiff's claims.[1]

In Todd, 434 F.3d at 437-48, the Sixth Circuit discussed the various forms of immunity that Defendants invoke herein and ultimately affirmed this Court's denial of absolute immunity to the defendant law firm in connection with its debt collection litigation activities. Defendants attempt to distinguish the Sixth Circuit's holding on several grounds, all of which are inconsequential. Having reviewed the Sixth Circuit's decision in Todd, the Court finds no meaningful distinction as would require reconsideration of Defendants' motion to dismiss Plaintiff's claims.

Similarly, the Court is unswayed by Defendants' arguments that this Court should revisit Defendants' immunity arguments based on the Sixth Circuit's decisions in Kelley and Delawder. In both cases the Sixth Circuit merely determined that it lacked jurisdiction to consider the defendants' interlocutory appeals as to the issue of immunity. See Delawder, 2006 WL 1749617 at *2 (stating that the court had previously "rejected the defendants' arguments for the existence

---

[1] The instant case is similar to another case before Judge Beckwith in the Southern District of Ohio, Kelly v. Great Seneca Financial Corp., Case No. 1:04-cv-615. In that case, the defendants filed a motion to reconsider the court's order denying their motion to dismiss the action. The defendants raised many of the same arguments they raise before this Court. In an order dated March 22, 2007, Judge Beckwith denied the defendants' motion for reconsideration, finding that the Sixth Circuit's decisions in Todd and Kelley did not establish "any new, intervening law requiring reconsideration." (See Case No. 1:04-cv-615, doc. 55.)

of an absolute advocacy immunity that would provide the basis for an interlocutory appeal"); Kelly, 447 F.3d at 951.

Unrelated to the issue of immunity, Defendants next argue that the Court should reconsider its decision based on Harvey v. Great Seneca Financial Corp., 453 F.3d 324 (6th Cir. 2006).  In that case, the Sixth Circuit affirmed the district court's dismissal of FDCPA claims that were based on the plaintiff's allegation that the debt collector and its attorney filed a debt-collection lawsuit without the means of proving the existence of the debt.  The Harvey case differs factually from the instant case wherein Plaintiff alleges that Defendants attempted to collect an amount in excess of the amount that Plaintiff may have owed or that Defendant could lawfully collect and that Defendants attached a false affidavit to the complaint filed in the state court debt-collection suit.  Accordingly, the Sixth Circuit's decision in Harvey is not dispositive to the instant case.

Defendants finally invoke the First Amendment Petition Clause, arguing that intervening case law requires reconsideration of the constitutionality of the FDCPA.  Since Defendants filed their motion for reconsideration, the Court has granted the United States an extension of time to intervene with regard to the question of constitutionality.  Therefore, the Court declines to address Defendants argument at this time.  To the extent the Court has not already dealt with Defendants' claim of unconstitutionality, Defendants may succinctly revisit this issue in a subsequent motion for summary judgment.

Defendants have now deluged the Court with motions and related pleadings in which they do nothing more than relentlessly offer refurbished versions of previously rejected arguments and point to insignificant distinctions of fact in an attempt to distinguish the growing

body of case law in this Circuit denying immunity to defendants in similar FDCPA cases.  See e.g., Todd, 434 F.3d at 432;  Blevins v. Hudson & Keyse, Inc., 395 F. Supp. 2d 655 (S.D. Ohio 2004); Hartman v. Asset Acceptance Corp., 467 F. Supp. 2d 769 (S.D. Ohio 2004); Kelly v. Great Seneca Financial Corp., 443 F. Supp. 2d 954 (S.D. Ohio 2005); Gionis v. Javitch, Block & Rathbone, 405 F. Supp. 2d 856 (S.D. Ohio 2005).  Contrary to Defendants' apparent belief, this is not the only case currently pending before this Court, and the Court has not the time to devote endless hours to entertain arguments that it has already soundly rejected.  Accordingly, the Court strongly cautions Defendants to exercise restraint as this case proceeds.

    IT IS SO ORDERED.

    S/Susan J. Dlott_____
    Susan J. Dlott
    United States District Judge